UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND BOWEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01711-JMS-TAB |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Raymond Bowen for a writ of habeas corpus challenges a prison disciplinary proceeding in CIC 14-06-0135. For the reasons explained in this entry, Mr. Bowen's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

**B. The Disciplinary Proceeding**

On June 15, 2014, Officer Baird wrote a Report of Conduct charging Mr. Bowen with Class B offense #216, sexual conduct. The conduct report states:

> On 6-15-14 at 9:43 pm I Ofc Baird was delivering some mail, when I stepped into Cell 18 on 2 D unit I did witness Ofd's Bowen #875526 18B-2D and Bennet #212979 6B4D engaging in sexual intercourse. Bowen was naked and on top of Bennet who was also naked and on bottom in a fetal position during the act. When asked Bowen did confirm this was a consensual act.

[Filing No. 8-1].

On June 19, 2014, Mr. Bowen was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested Officer Baird as a witnesses. This request was denied because Officer Baird wrote the Conduct Report. Mr. Bowen requested "any and all" evidence. This request was denied for lack of specificity. [Filing No. 8-2].

The hearing officer conducted a disciplinary hearing on June 20, 2014, and found Mr. Bowen guilty of sexual conduct, B# 216. In making this determination, the hearing officer considered the staff reports. Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand, a 30-day loss of phone privileges, 90 days disciplinary segregation, an earned credit time deprivation of 90 days, and a demotion from credit class 1 to credit class 2. The hearing officer recommended the sanctions because of the seriousness of the offense, the frequency and nature of the offense, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 8-4].

Mr. Bowen's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Bowen brings the following claims for relief: 1) he was denied evidence he requested; 2) he was not examined by medical personnel as requested; 3) the conduct report was the only evidence presented; and 4) Officer Baird acted out of retaliation.

**1.** Mr. Bowen alleges he was denied evidence. In order to satisfy the due process requirement in a habeas corpus proceeding, a prisoner must be given the opportunity to call witnesses and request documentary evidence. *Wolff*, 418 U.S. at 566. Here, the evidence Mr. Bowen requested was "any and all." This request was denied for lack of specificity. In his petition, Mr. Bowen does not set forth what specific evidence he wanted when he requested "any and all" evidence. He fails to identify what evidence was not provided to him. Due process only requires access to evidence that is exculpatory, and then only if disclosure would not "unduly threaten institutional concerns." *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir.1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). Mr. Bowen does not identify any exculpatory evidence that he requested that he was not provided. He is not entitled to habeas relief.

**2**. To the extent. Mr. Bowen suggests the facility should have performed a test to determine if there was bodily waste on his penis, this argument fails. First. Mr. Bowen is not entitled to such a test. *See Freitas v. Auger,* 837 F.2d 806, 812 n. 13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per

curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Second, whether or not Mr. Bowen had bodily waste on his penis is not exculpatory as to whether or not he engaged in sexual conduct. Officer Baird witnessed Mr. Bowen and inmate Bennet, both naked, engaged in a sexual act that Mr. Bowen stated was consensual. Based on this, it was reasonable for the hearing officer to conclude Mr. Bowen was engaged in sexual conduct regardless of the presence of bodily waste on his penis.

**3**.   Next, Mr. Bowen alleges that a conduct report only containing Officer Baird's version of the events is insufficient evidence to support a guilty finding. Mr. Bowen received due process because "some evidence" supported the charge. *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient).

It is established that a conduct report alone may suffice as Asome evidence.@ Here, the conduct report is clear and provides a direct account of the sexual conduct. According to the conduct report, Mr. Bowen and inmate Bennet were both naked in the cell and Mr. Bowen was laying on top of inmate Bennet. This satisfied the "some evidence" requirement of *Hill.*

**4**.   As to the claim of a retaliatory motive by Officer Baird in issuing the conduct report, a conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case and Mr. Bowen offers nothing other than the fact he was written up by

Officer Baird to support his claim of bias. The Court declines the invitation to adopt this *post hoc* rationalization and bootstrapping. *See Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation."). The claim of retaliation is without factual basis and is rejected as a ground supporting the award of federal habeas corpus relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Sinn's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Dated: November 5, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Raymond Bowen, #875526
Pendleton Correctional Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, Indiana 46064